UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

ACTION NO: 5:07-CR-102-SS-01-KSF                    ELECTRONICALLY FILED

UNITED STATES OF AMERICA                                           PLAINTIFF

VS.

JAVIER ROGELIO DOZAL                                              DEFENDANT

SENTENCING MEMORANDUM ON BEHALF
OF DEFENDANT JAVIER ROGELIO DOZAL

**********

Comes now Defendant, by and through counsel, and hereby submits the following Sentencing Memorandum setting forth all factors that the Court should consider in determining what type and what length of sentence is sufficient, but not greater than necessary, to comply with the statutory directive set forth in *18 U.S.C. §3553(a).*

In 2005, the United States Supreme Court ruled that their Sixth Amendment decisions in Blakely v. Washington, 124 S.Ct. 2531 (2004) and in Apprendi v. New Jersey, 530 U.S. 466 (2000), applied to the Federal Sentencing Guidelines. U.S. v. Booker, 125 S.Ct. at 756. Given the mandatory nature of the Federal Sentencing Guidelines, the Supreme Court determined that "no relevant distinction existed between the sentence imposed pursuant to the Washington statutes in Blakely and the sentences imposed pursuant to the Federal Sentencing Guidelines." Id. at 751. Accordingly, the Supreme Court reaffirmed its holding in Apprendi and stated:

> [a]ny fact (other than a prior conviction) which is necessary to support a
> sentence exceeding the maximum authorized by the facts, established by
> a plea of guilty or a jury verdict, must be admitted by the defendant or
> proved to a jury beyond a reasonable doubt. Id. at 756.

Based upon this conclusion, the Supreme Court further found that those provisions of the Federal Sentencing Reform Act of 1984 that make the Federal Sentencing Guidelines mandatory, or which rely upon the Federal Sentencing Guideline's mandatory nature were incompatible with its Sixth Amendment holdings.  Booker, 125 S.Ct. at 756.  As such, the Supreme Court severed and excised those provision "mak[ing] the Guidelines effectively advisory. Id. at 757.

Thus, instead of being bound by the Sentencing Guidelines or the Sentencing Reform Act, Booker allows a sentencing court to consider Guidelines ranges, but it permits the court to tailor the sentence in light of other statutory concerns as well.  Booker, 125 S.Ct. 757.  Thus, under Booker, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in *18 U.S.C. § 3553(a)*.

In accordance with *18 U.S.C. §3553(a)*, sentencing courts are directed "to impose a sentence sufficient, but not greater than necessary, to comply with the purpose set forth in Paragraph 2." 18 U.S.C. *§ 3553(a)(2)* states that such purpose is:

A.  To reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense.

B.  To afford adequate deterrence to criminal conduct;

C.  To protect the public from further crimes of the defendant; and

D.  To provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner.

In determining the minimally sufficient sentence *18 U.S.C. §3553(a)* further directs that the sentencing courts consider the following factors:

2

  1. The nature and circumstances of the offense and the history and characteristics of the defendant

  2. The kinds of sentences available.

  3. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

  4. The need to provide restitution to any victims of the offense.

Other statutory sections also give the district court direction in sentencing. Under *18 U.S.C. §3582*, imposition of a term of imprisonment is subject to the following limitation: in determining whether and to what extent imprisonment is appropriate based on the *Section 3553(a)* factors, the judge is required to "recognize that imprisonment is not an appropriate means of promoting correction and rehabilitation."

Under *18 U.S.C. §3661*, "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" This statutory language certainly overrides the (now advisory) policy statements in Part H of the sentencing guidelines, which list as "not ordinarily relevant" to sentencing, a variety of factors such as the defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. *See U.S.S.G. §5H1. See also* U.S. v. Nellum, 2005 WL 300073, 2005 U.S. Dist. LEXIS 1568 (N.D. Feb. 3, 2005)(Simon, J.) (Taking into account the fact that the defendant, who was 57 at sentencing, would upon his release from prison have a very low likelihood of recidivism since recidivism reduces with age; citing *Report of the U.S. Sentencing Commission, Measuring Recidivism: the Criminal History Computation of the Federal Sentencing Guidelines, May 2004*).

3

The directives of Booker and *§3553(a)* make clear that courts may no longer uncritically apply the guidelines. Such an approach would be "inconsistent with the holdings of the merits majority in Booker, rejecting mandatory guidelines sentences based on judicial fact-finding, and the remedial majority in Booker, directing courts to consider all of the *§3553(a)* factors, many of which the guidelines either reject or ignore." U.S. V. Ranum, 353 F. Supp. 2d 984, 985-86( E.D. Wisc. Jan. 19, 2005). As another district court judge has correctly observed, any approach which automatically gives "heavy" weight to the guideline range" comes perilously close to the mandatory regime found to be constitutionally infirm in Booker." U.S. v. Jaber __F. Supp. 2d___, 2005 WL 605787 *4 (D. Mass. Mar. 16, 2005). *See also* U.S. v. Ameline, 400 F.3d 646, 655-56 (9th Cir. 2005)(advisory guideline range is "only one of many factors that a sentencing judge must consider in determining an appropriate individualized sentence"), reh'g en banc granted 401 F.3d 1007 (9th Cir. 2005).

Justice Scalia explains that point well in his dissent from Booker's remedial holding:

> Thus logic compels the conclusion that the sentencing judge,
> after considering the recited factors (including the guidelines),
> has full discretion, as full as what he possessed before the Act
> passed, to sentence anywhere within the statutory range. If the
> majority thought otherwise - if it thought the Guidelines not
> only had to be "considered" (as the amputated statute requires)
> but had to be followed - its opinion would surely say so.
> Booker, 125 S. Ct. at 791.

Likewise if the remedial majority thought the guideline had to be given "heavy weight", its opinion would have said so. The majority clearly understood that giving any special weight to the guideline range relative to the other *Section 3553 (a )* factors would violate the *Sixth Amendment*. As such, in every case, the sentencing court must consider ALL of the *§3553(a)*

4

factors, not just the guidelines in determining a sentence sufficient but not greater than necessary to meet the goals of sentencing.

### A. APPLICATION OF THE STATUTORY SENTENCING FACTORS CONTAINED IN 18 U.S.C. §3553(a) TO THE FACTS OF THIS CASE.

In the present matter, the following factors must be considered when determining what type and length of sentence is sufficient but not greater than necessary to satisfy the purposes of sentencing.

**1. Nature and Circumstances of the Offense and the History and Characteristics of the Offender.**

On June 6, 2008, Javier Rogelio Dozal entered a plea to the charges of conspiracy to distribute and possess with intent to distribute 1000 kilograms or more of marijuana and criminal forfeiture. The offense level for these crimes is 33.

Mr. Dozal does have a prior criminal record, all of which were 7 or more years ago, however, the Defendant had been self-employed for the past 2 and ½ years by purchasing and selling vehicles. He was employed as the kitchen manager at the Red Rock Kitchen Grille in Wichita, Kansas from November, 2002 to May, 2004 and had owned a club called Trebol from 1994 to 2003 in Garden City, Kansas. In addition, he has a strong bond with his family. He is the father of a 21 year old son and a 14 month old daughter. He also helped raise two children from a previous marriage, which he considers his own and cares deeply for.

**2. The Need for the Sentence Imposed to Promote Certain Statutory Objectives.**

A sentence of 8 and ½ years would adequately reflect the seriousness of the crime, promote respect for the law and provide just punishment for the offense. The Defendant is 37

5

years of age and is in need of guidance. He is obviously willing to work as noted by his past employment record and had a lapse in judgment which led him to his current predicament. He has family, whom care for him deeply and a sentence of 8 and ½ years is certainly not a light sentence. The Defendant will have a significant amount of incarceration to fully reflect upon the effects of his actions, not only upon himself, but upon society as well. Due to the strong connection with his family and the length of time he would be away from them, this amount of time also provides adequate deterrence from any future criminal conduct on the part of the Defendant. Furthermore, a sentence of 8 and ½ years would enable the Defendant to have guidance while attempting to deal with his problems of the past and hopefully become a productive member of society.

### 3. The Kinds of Sentences Available.

In this case, the United States Sentencing Guidelines are not mandatory, the Defendant could be sentenced to 8 and ½ years if the Court decided not to treat *U.S.S.G §5c1.1(f)* as mandatory.

### 4. The Sentencing Range Established by the Sentencing Commission.

In this case, the statutory minimum is 20 years and the guideline range applicable in this matter is 135 to 168 months. However, the Defendant would request that a sentence of 8 and ½ years be imposed and I would request that the Court depart from the advisory sentencing guidelines based on the factors set forth above. In this situation a sentence of 8 and ½ years is a long period of time and more than sufficient to promote the purposes of incarceration as it adequately reflects on the Defendant's character and prior criminal history as well as the responsibilities he has in life.

### 5. The Need to Avoid Unwarranted Disparities.

N/A

**6. The Need to Provide Restitution to any Victims of the Offense.**

As stated in the Defendant's Pre-Sentence Investigation Report, society in general is the victim in the matter. Due to Mr. Dozal's incarceration, he would be unable to pay, and the Court should waive the mandatory community restitution provided for in *18 U.S.C. §3663(c)(1).*

## Conclusion

Wherefore, Defendant would request that this Court sentence him to a term of 8 and ½ years and depart from the otherwise applicable guideline range.

Respectfully Submitted,

ANGGELIS & GORDON
231 LEXINGTON AVE.
LEXINGTON, KY 40508
(859)255-7761

BY:/s/ Derek G. Gordon
    DEREK G. GORDON

## CERTIFICATE OF SERVICE

I do hereby certify that on the 4th day of September 2008, I electronically filed the herein Memorandum with the Clerk of Court using the CM/ECF SYSTEM which will send a notice of electronic filing to the Hon. Ron L. Walker. Jr.

/s/ Derek G. Gordon